## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

CARLA BOWMAN,                                  Civil Action No.:  1:23-cv-935

                   Plaintiff,

                                      HON.

vs.

ODL, INC.
a Michigan profit corporation,

                   Defendant.

_____

Bradley K. Glazier (P35523)
Robert M. Howard (P80740)
BOS & GLAZIER, P.L.C.
A division of CUNNINGHAM DALMAN PC
Attorneys for Plaintiff
940 Monroe Avenue, N.W., Suite 253
Grand Rapids, MI 49503
(616) 458-6814

_____

### COMPLAINT AND JURY DEMAND

Plaintiff, Carla Bowman, by her counsel, Bos & Glazier, a division of Cunningham Dalman, PC states as follows as her Complaint against defendant ODL, Inc. ("ODL"):

### JURISDICTIONAL ALLEGATIONS

1.      This is an action brought for defendant's violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.* and the Persons with Disabilities Civil Rights Act ("PDCRA"), M.C.L. 37.1101, *et seq.*

2.      This court has subject matter jurisdiction over plaintiff's FMLA claims pursuant to 28 U.S.C. § 1331, as those claims arise under the laws of the United States. This court has pendent jurisdiction over the PDCRA claims.

3.      Plaintiff, Carla Bowman, is a citizen of the United States and the State of Michigan. She resides in Ottawa County. Bowman was an employee of ODL.

4.      Defendant ODL is a domestic profit corporation with a facility, where plaintiff worked, located at 215 E. Roosevelt Ave, Zeeland, Michigan.

5.      Plaintiff was employed by defendant for at least 12 months prior to the leave of absences that led to her termination and worked at least 1,250 hours of service for defendant during the 12 months preceding her leave request. As such, plaintiff was an "eligible employee" pursuant to 29 U.S.C. § 2611(2).

6.      Defendant employed 50 or more employees at the facility where plaintiff worked during each of 20 or more calendar work weeks in the previous calendar year and was an "employer" as defined under the FMLA, pursuant to 29 U.S.C. § 2611(4).

7.      Bowman was an individual with a disability because she had a physical or mental characteristic that substantially limited one or more of her major life activities, as defined under the PDCRA, M.C.L. 37.1103.

8.      ODL was an employer with one or more employees as defined under the PDCRA, M.C.L. 37.1201.

9.      The events giving rise to this cause of action occurred in the Western District of Michigan.

## GENERAL ALLEGATIONS

10.     Bowman began her employment with defendant ODL on or about April 5, 2021.

11.     Bowman was hired as the regional human resources manager.

12.     In 2022, Bowman was promoted to human resources director.

2

13.     Bowman reported to the executive vice president of human resources, Jaclyn Harrison.

14.     Bowman received positive evaluations during her employment with ODL.

15.     As part of Bowman's duties, she was responsible for the administration of FMLA leave.

16.     Bowman worked to ensure that ODL managers did not interfere with employees' FMLA rights when employees utilized FMLA leave.

17.     In January 2023, Bowman noticed a lump on her neck. She contacted her medical providers to have it examined.

18.     From March to May 2023, Bowman met with medical providers to evaluate her condition.

19.      Throughout this process, Bowman informed her team and Harrison of her health progress.

20.     On June 14, 2023, Bowman filed her initial FMLA claim for her scheduled biopsy on June 28, 2023.

21.     The FMLA claim was filed with Lifeworks, ODL's third-party administrator of benefits.

22.     Initially Harrison seemed supportive of Bowman. But after Bowman filed for FMLA, Harrison seemed to distance herself from Bowman.

23.     On July 6, 2023, Bowman was informed by her doctor that the lump was a malignant tumor. Bowman's surgeon scheduled a date for surgery to remove the tumor.

24.     Bowman cancelled her initial FMLA filing and submitted a new claim for FMLA related to her upcoming surgery and recovery. (Exhibit 1).

25.     On July 6, 2023, Bowman informed Harrison that she would need surgery to remove the tumor.

26.     Bowman also informed her team that she would need to use FMLA leave to treat her cancer.

27.     Bowman's surgery was scheduled for August 15, 2023.

28.     Bowman's expected recovery was approximately one week with no work, then three to four months with light duty.

29.     Bowman's regular duties would allow her to work within the light duty restrictions.

30.     Bowman may also require additional medical leave, depending upon the results of the surgery and her surgeon's advice about further treatment of her cancer.

31.     On July 10, Bowman received a blank medical certification from Lifeworks. (Exhibit 1). The form stated that Bowman requested leave on July 6 and should return the paperwork by July 25, 2023. (Id.). July 25 was the date of Bowman's appointment with her surgeon.

32.     On July 10, Harrison terminated Bowman from her employment at ODL.

33.     Harrison claimed that the termination was due to the company's lack of confidence in Bowman's ability to make decisions.

34.     Harrison claimed that Bowman's offer to a job candidate before a final interview was the reason why ODL questioned her ability to make decisions.

35.     But Harrison had approved Bowman making the offer to the candidate the last week of June.

36.     At the last minute, Harrison requested Bowman schedule an additional interview with the candidate. The candidate had already been approved by three ODL executives, an HR manager, and Bowman.

37.     On July 5, 2023, Bowman cancelled the offer to the candidate at Harrison's direction.

38.     Upon information and belief, after Bowman's termination, ODL hired the candidate who Bowman was told to reject, for another similar role in the organization.

39.     ODL's proffered reason for termination is a pretext, because the proffered reason is not true, is not the real reason for her termination, and is not sufficient to justify her termination.

40.     Bowman has been harmed by the actions and inactions of ODL.

## COUNT I
## INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT - TERMINATION RESULTING FROM MEDICAL LEAVE OF ABSENCE

41.     Bowman incorporates by reference paragraphs 1 through 40 as fully set forth herein.

42.     Bowman suffered from a "serious health condition" requiring continuing treatment from a health care provider as defined in 29 U.S.C. § 2611(11).

43.     Bowman was entitled to 12 weeks of unpaid leave of absence to care for her serious health condition as described in 29 U.S.C. § 2612(a)(1)(D).

44.     Bowman filed for leave under the FMLA to care for her serious health condition.

45.     Bowman was terminated from her position following her request for FMLA leave.

46.    ODL interfered with Bowman's FMLA rights by terminating Bowman during her FMLA leave and by refusing to allow her to return to work after her FMLA leave.

47.    Bowman suffered damages as the direct result of ODL's violations of the FMLA, including lost wages and fringe benefits.

**COUNT II**
**FMLA RETALIATION - TERMINATION FOR EXERCISING FMLA RIGHTS**

48.    Bowman incorporates by reference paragraphs 1 through 47 as fully set forth herein.

49.    Bowman was engaged in a statutorily protected activity when she applied for FMLA leave to care for her serious health condition.

50.    ODL had actual notice of Bowman's need for FMLA-protected absences.

51.    ODL terminated Bowman because of Bowman's protected leave.

52.    Bowman has sustained damages as a result of ODL's retaliation against her for the exercise of her protected FMLA leave.

WHEREFORE, plaintiff, Carla Bowman, respectfully requests this court to enter a judgment in her favor and against defendant ODL as follows:

A.    Legal Relief

   (1)    Compensatory damages in whatever amount she is found to be entitled;

   (2)    Liquidated damages equal to the amount of compensatory damages awarded; and

   (3)    An award of interest, costs, and reasonable attorney fees and expert witness fees.

B.    Equitable Relief

   (1)    An order reinstating plaintiff to her former position with defendant or a comparable position if her former position is no

longer available; or an award of front pay if reinstatement is
no longer feasible;

(2)     An injunction prohibiting any further acts of wrongdoing,
        discrimination, or retaliation; and

(3)     Whatever other equitable relief appears appropriate at the
        time of final judgment.

## COUNT III
## VIOLATIONS OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
(Termination of Employment Based on Disability)

53.     Bowman incorporates by reference paragraphs 1 through 52 as fully set
forth herein.

54.     Bowman was an individual with a disability because she had a physical
characteristic, cancer, that substantially limited a major life activity, normal cell growth, as
well as her ability to eat and speak, which is included in the definition of a determinable
physical characteristic resulting from disease, injury, or functional disorder, as defined
under the PDCRA, M.C.L. 37.1103, or she had a record of such a disability, or she was
regarded as having such a disability by defendant.

55.     Bowman was a person with a qualified disability because she could perform
the essential functions of her job with a reasonable accommodation, absences during her
treatment, short-term remote work while recovering, and follow up appointments for
further testing and treatment.  *See* M.C.L. 37.1102(2).

56.     ODL discriminated against Bowman on the basis of her disability, when
ODL terminated Bowman's employment because of her disability, because she had a
record of a disability, or because she was regarded by ODL as having a disability.  M.C.L.
37.1202(b).

7

57.    Bowman has sustained damages as a result of ODL's termination of her employment based on her disability.

WHEREFORE, plaintiff, Carla Bowman, respectfully requests this court to enter a judgment in her favor and against ODL as follows:

A.    Economic damages based on her lost wages and fringe benefits, both past and future;

B.    Non-economic damages for injuries such as emotional distress, pain and suffering, harm to reputation, and other consequential injuries;

C.    Attorney fees and costs;

D.    Appropriate equitable relief, including an order of reinstatement or, in the alternative, an award of front pay; and

E.    Such other relief as may be deemed appropriate at the time of final judgment.

BOS & GLAZIER,
A Division of CUNNINGHAM DALMAN PC
Attorneys for Plaintiff

Date: September 5 2023        By:   */s/ Bradley K.  Glazier*
Bradley K. Glazier (P35523)
Robert M. Howard (P80740)

BUSINESS ADDRESS:
940 Monroe Avenue, N.W., Suite 253
Grand Rapids, Michigan 49503
(616) 458-6814

## JURY DEMAND

Plaintiff, Carla Bowman, by her counsel, Bos & Glazier, a division of Cunningham

Dalman PC, requests a trial by jury.

BOS & GLAZIER,
A Division of CUNNINGHAM DALMAN PC
Attorneys for Plaintiff

Date: September 5, 2023        By:   */s/ Bradley K. Glazier*
Bradley K. Glazier (P35523)
Robert M. Howard (P80740)

BUSINESS ADDRESS:
940 Monroe Avenue, N.W., Suite 253
Grand Rapids, MI  49503
(616) 458-6814